1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR ENVIRONMENTAL
HEALTH, et al.,

           Plaintiffs,

     v.

GINA MCCARTHY, Administrator,
United States Environmental Protection
Agency,

           Defendant.

Case No.  14-cv-01013-WHO

**ORDER GRANTING DEFENDANT'S
MOTION FOR JUDGMENT ON THE
PLEADINGS**

Re: Dkt. No. 23

## INTRODUCTION

In 2006, the plaintiffs petitioned the Environmental Protection Agency ("EPA") to initiate rulemaking requiring labeling of inert ingredients on pesticides.  In 2014, the plaintiffs filed suit against the EPA, alleging that the EPA's unreasonable delay in acting on the petitions violates the Administrative Procedure Act.  The EPA denied the petitions after the plaintiff's complaint was filed, and now move for judgment on the pleadings on the grounds that the matter is moot.  The EPA's motion is GRANTED.  As the EPA has acted on the plaintiffs' underlying petitions—by denying them—there is no relief that I can grant the plaintiffs and their action is moot.

## BACKGROUND

The EPA requires that active ingredients be disclosed on pesticide labels.  It does not require that inert ingredients be disclosed.  In 2006, the plaintiffs petitioned the EPA to initiate rulemaking requiring labeling of inert ingredients on pesticides.  Dkt. No. 24-2, Mann Decl. Ex. 2.

Because the EPA had not acted on plaintiffs' petition, on June 25, 2009, the plaintiffs filed suit against it.  They alleged that the EPA's unreasonable delay in acting on the petitions violated

the Administrative Procedures Act.[1]  *See* Complaint for Declaratory and Injunctive Relief, *Center for Environmental Health Californians for Pesticide Reform v. United States Environmental Protection Agency, et al.,* Case No. 09-cv-02868-PJH (N.D. Cal. June 26, 2009), Dkt. No. 1 (the "2009 Unreasonable Delay action").

The EPA issued a response to the petitions on September 30, 2009.  It stated that:

> In response to these petitions, EPA is initiating rulemaking to increase the public availability of hazardous inert ingredient identities for specific pesticide formulations.  In connection with this rulemaking EPA will also be discussing ideas to increase the disclosure of inert ingredient identities to an even greater degree than requested by the petitions, for example, by requiring disclosure of all inert ingredients, including ingredients not deemed hazardous.
>
> (…)
>
> [T]he Agency is initiating this rulemaking via an Advance Notice of Proposed Rulemaking (ANPR).

Dkt. No. 1-1 at 3.  The EPA stated that it was "not committing, and indeed legally cannot commit, to any particular outcome for rulemaking."  *Id*. at 3.  Nonetheless, the EPA "regard[ed] its commitment to issue an ANPR as a *partial* grant of the petitions, in that the ANPR will announce the Agency's intention to pursue rulemaking to achieve the type of disclosure described in the petitions."  *Id*. (emphasis added).  The EPA also noted that it was not proceeding in the manner requested by the petitioners, which included issuing rules requiring that specific substances listed in the petitions be disclosed on product labels.  *Id*. at 4.  The EPA did not commit to any action aside from issuing the ANPR.  The ANPR was published in the Federal Register on December 23, 2009. 74 Fed. Reg. 68,215-01.

On February 16, 2010, following the issuance of the ANPR, the EPA filed a Notice of Mootness and Request for Order of Dismissal of the 2009 Unreasonable Delay action, stating that "the relief Plaintiffs seek—action on Plaintiffs' petition to require the disclosure of inert ingredients on pesticide product labels—has been taken by EPA."  *See* 2009 Unreasonable Delay

---

[1] The Administrative Procedure Act provides that each agency "shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule." 5 U.S.C. § 553(e).  The APA further provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

1    action, Dkt. No. 26.  The plaintiffs did not oppose the request.  *Id*. at 1.  Instead, they filed a notice

2    of voluntary dismissal of the 2009 Unreasonable Delay action on March 3, 2010, and the action

3    was terminated by court staff the same day.  *See* 2009 Unreasonable Delay action, Dkt. No. 27.

4            Four years later, the plaintiffs filed the present suit against the EPA, asserting that the EPA

5    "has taken no further action to follow through on its commitment to adopt a rule" since it

6    published the ANPR in December 2009.  Dkt. No. 1, ¶ 5.  The plaintiffs allege again that the

7    EPA's unreasonable delay in concluding action on their petitions violates the Administrative

8    Procedure Act.

9            On May 22, 2014, over two months after the plaintiffs filed this action, the EPA amended

10   its 2009 response to the plaintiff's 2006 petitions.  It updated plaintiffs on its efforts since issuing

11   the ANPR and described potential future steps to address the issue.  The amended response states

12   that:

13               Based on our review of comments to the ANPR, our experience with
                the voluntary disclosure program, and survey and focus group
14              feedback, the EPA has re-evaluated how to best address potentially
                hazardous inert ingredients in registered pesticide products and now
15              believes that a different approach is more appropriate.  *Instead of
                further pursuing the rulemaking the EPA initiated* that was aimed at
16              mandatory disclosure of a large number of specific inert ingredients,
                we will review inert ingredients currently listed for use in pesticides,
17              update that list, establish criteria for prioritization, and select top
                candidate inert ingredients for further analysis and potential action.

18   Dkt. No. 24-1 at 4 (emphasis added).  The amended response elsewhere stated that "the EPA has

19   now decided not to pursue finalization of the rulemaking it initiated seeking to mandate the

20   disclosure on the label of a pesticide of the presence of a hazardous inert ingredient."  *Id*. at 2.

21          The EPA moves for judgment on the pleadings on the basis that the matter is moot now

22   that it has concluded—and advised the plaintiffs—that it will not pursue rulemaking following the

23   ANPR it issued in 2009.  The EPA argues that because it has "conclude[d] a matter presented to

24   it"—the plaintiffs' petitions—as required by the Administrative Procedure Act, there is no relief

25   which the Court can grant the plaintiffs.

26                                            **LEGAL STANDARD**

27          The standard for a motion for judgment on the pleadings under "Rule 12(c) is 'functionally

28

United States District Court
Northern District of California

3

identical' to [the standard for a motion under] Rule 12(b)(6)." *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).  When deciding such a motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1550 (9th Cir. 1989).  All reasonable inferences from the alleged facts must be construed in favor of the responding party.  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  "Judgment on the pleadings should be granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal citations and quotations omitted).

Article III of the United States Constitution limits the jurisdiction of federal courts to live "Cases" or "Controversies."  *See* U.S. Const. art. III, § 2, cl. 1.  "The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Pitts v. Terrible Herbst, Inc*., 653 F.3d 1081, 1086-87 (9th Cir. 2011) (citing *Burke v. Barnes*, 479 U.S. 361, 363 (1987)). The Supreme Court has described mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" of the litigation.  *Pitts*, 653 F.3d at 1086-87.  "Speculative contingencies" that a decision on the merits "might conceivably affect substantive rights of interested parties" are insufficient to prevent finding of mootness.  *Bd. of License Comm'rs of Town of Tiverton v. Pastore*, 469 U.S. 238, 239-40 (1985).  If a case is moot, the court must dismiss it for lack of jurisdiction.  *See, e.g., Johnson v. Ahlin*, 08-cv-1088 SI, 2010 WL 1729605 (N.D. Cal. Apr. 27, 2010) ("Because this case is moot, the court lacks jurisdiction and must dismiss it.").

## DISCUSSION

The plaintiffs argue that the EPA's amended response does not moot their complaint

because, while deciding not to follow up on the ANPR it issued in 2009, the EPA stated that it will consider requiring disclosure of individual inert ingredients, which was something the plaintiffs requested in their original 2006 petition. According to the plaintiffs, their action "still presents the question of whether eight years to conclude the matters presented in Plaintiffs' Petition constitutes unreasonable delay." Opp. at 9.

I disagree. The EPA's original response to the plaintiffs in 2009 committed only to issuing the ANPR. The EPA accordingly called its response a "partial" grant of the petitions. The EPA denied all other matters raised in the petitions, including the request that the EPA issue rules requiring that specific substances be disclosed. *See, e.g.,* Dkt. No. 1-1 at 4 ("EPA is not, however, proceeding in the manner requested by the petitioners—issuing determinations for that the specific substances listed in the petitions must be disclosed on product labels."). Accordingly, the EPA concluded action on the plaintiffs' petitions when it issued the ANPR in 2009 because at that point it took all the action to which it had committed. Indeed, the plaintiffs did not oppose the EPA's request to dismiss the 2009 Unreasonable Delay action following the issuance of the ANPR, and voluntarily dismissed that action. *See* 2009 Unreasonable Delay action, Dkt. Nos. 26, 27.

Even assuming that the petitions were not concluded after the ANPR issued in 2009, they were concluded when the EPA provided its amended response to the plaintiffs' petitions in May 2014. It wrote that "the EPA has now decided not to pursue finalization of the rulemaking it initiated seeking to mandate the disclosure on the label of a pesticide of the presence of a hazardous inert ingredient." Dkt. No. 24-1 at 2. Between its original response and its amended response, the EPA has unambiguously denied, and concluded, plaintiffs' petitions in full.

That the EPA has indicated that it is considering (but not committing to) action which arguably parallels part of what the plaintiffs requested in their original petitions does not mean that the EPA has retroactively granted the portion of the plaintiffs' petition that the EPA denied in 2009. Plaintiffs are understandably frustrated that they may be no closer to fulfilling their goal eight years after petitioning the EPA to require that pesticide product labels list hazardous inert ingredients. But the EPA has unambiguously "concluded" the "matters" presented to it in plaintiffs' petitions, as required under the Administrative Procedure Act, 5 U.S.C. § 553(e), and I

can offer the plaintiffs no relief.  This matter is moot, a deficiency which cannot be cured by amendment.

**CONCLUSION**

The EPA's motion for judgment on the pleadings is GRANTED.  Because this matter is moot, the plaintiff's complaint is DISMISSED WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED**.

Dated: September 15, 2014



WILLIAM H. ORRICK
United States District Judge